Oren B. Haker, OSB No. 130162
Kristin E. Russell, OSB No. 200074
Daniel R. Kubitz, OSB No. 181381
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

*Proposed Attorneys for Debtor*
*and Debtor-in-Possession*

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>BLUE STAR DOUGHNUTS LLC,<br>DBA BLUE STAR DONUTS,<br><br>            Debtor. | Case No. 20-32485-pcm11<br><br>Chapter 11<br><br>DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNTS, (II) SCHEDULING A FINAL HEARING, AND (III) GRANTING RELATED RELIEF<br><br>*EXPEDITED HEARING REQUESTED* |

Blue Star Doughnuts, LLC, dba Blue Star Donuts ("**Debtor**"), moves, pursuant to

sections 105(a) and 363(b) of title 11 of the United States Code ("**Bankruptcy Code**"), rules

6003, 6004, and 9013 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), and

rule 9013-1 of the Local Bankruptcy Rules ("**Local Rules**") for (i) entry of an interim order

("**Interim Order**"), substantially in the form attached hereto as <u>Exhibit A</u>, authorizing the

Debtor to continue using existing bank accounts and cash management system pending a final

hearing ("**Final Hearing**"), (ii) scheduling of a Final Hearing, and (iii) granting related relief

("**Motion**"). In support of the Motion, the Debtor incorporates the *Declaration of Katherine J.*

Page 1   -   DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS (I)
                  AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNTS (II)
                  SCHEDULING FINAL HEARING, AND (III) GRANTING RELATED RELIEF

*House in Support of First Day Papers* ("**House Declaration**") and the *Declaration of William Price in Support of First Day Papers* ("**Price Declaration**") filed contemporaneously herewith, and states as follows:

## I.    Relief Requested

1.    The Motion seeks entry of the Interim Order on an expedited basis authorizing the Debtor to continue using its prepetition bank accounts and cash management system so that it may continue operating in the ordinary course of business during the post-petition period, which will enable the Debtor to collect and track customer receipts from its retail locations and from its wholesale customers, among other things, and to pay its ordinary course operational expenses including payroll, suppliers, landlords and other operating costs that arise during the post-petition period.

2.    Pursuant to Bankruptcy Rules 6003(b) and 6004(h), the Debtor seeks (a) immediate entry of an order granting the relief sought herein, and (b) a waiver of any stay of the effectiveness of such an order.

3.    Bankruptcy Rule 6003(b) permits entry of the relief requested in the Motion if the "relief is necessary to avoid immediate and irreparable harm."

4.    Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."

## II.    Jurisdiction and Venue

5.    The United States Bankruptcy Court for the District of Oregon ("**Court**") has jurisdiction over this matter pursuant to sections 157 and 1334 of title 28 of the United States Code ("**Judicial Code**").

6.    Venue is proper pursuant to sections 1408 and 1409 of the Judicial Code.

### III.    Relevant Facts

7.      The Debtor maintains six bank accounts with Wells Fargo Bank ("**Wells Fargo**")

and one bank account with Zions Bancorporation, dba Commerce Bank of Oregon ("**Commerce**

**Bank**"; together with Wells Fargo, the "**Banks**").

### A.    Wells Fargo Deposit Accounts

8.      As of the Petition Date, the Debtor used the Wells Fargo deposit accounts to

manage its operating cash.  In particular, the Debtor has one operating account (#7160) that it

uses to pay all of its expenses relating to the production of its doughnuts and other supplies

needed to operate the production kitchen ("**Main Operating Account**").  Debit cards issued to

certain employees for payment of these expenses are linked to the Main Operating Account.  The

Main Operating Account is also used by the Debtor to pay wages and taxes through ACH

transfers to the Debtor's payroll administrator, ADP Payroll Services.  Revenues generated from

sales of the Debtor's wholesale products to grocers are deposited in the Main Operating Account,

which also receives manual transfers initiated by William Price, the Debtor's chief financial

officer, from Wells Fargo deposit accounts for each of the Debtor's retail locations (each, a

"**Store Account**").

9.      As of the Petition Date, three of the Debtor's retail locations – Division Street,

Mississippi Street, and S. Waterfront – have reopened, and sales receipts generated by each of

the retail locations are electronically transferred through the Debtor's payment processor,

Square, into the corresponding Store Account for each location.  Each of the three Store

Accounts that correspond to each of the three retail locations are: Division Street Account

(#7186), Mississippi Avenue Account (#7202), and S. Waterfront Account (#7210).[1]  None of

the reopened locations are currently accepting cash payments.  The Store Accounts are also used

---

[1] In addition, the Debtor continues to maintain a Store Account for its retail location at the
Portland International Airport (Airport Account (#1473)), even though that retail location
remains closed at this time.

Page 3    -    DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS (I)
                  AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNTS (II)
                  SCHEDULING FINAL HEARING, AND (III) GRANTING RELATED RELIEF

to pay vendors for supplies needed at each of the retail locations. Use of the Store Accounts thus enables the Debtor to track receipts and disbursements for each of its retail locations.

10.     The Debtor also maintains a deposit account (#7187) with Wells Fargo for customer purchases of gift cards through the Debtor's website. Receipts from online purchases of gift cards are transferred through Square into this account ("**Auxiliary Operating Account**"). The Debtor's use of the Auxiliary Operating Account enables the Debtor to track the performance of its gift card program. As with the Store Accounts, the funds in the Auxiliary Operating Accounts are manually transferred by Mr. Price into the Main Operating Account on a monthly basis.

**B.      Commerce Bank**

11.     As of the Petition Date, the Debtor maintained one deposit account with Commerce Bank. The Debtor refers to that deposit account (#0453) as a secondary operating account, and while some checks from sales to grocers have been deposited into this account so as to ensure that the account has sufficient funds to satisfy interest payments automatically deducted from this account by Commerce Bank owed on the Operating Line of Credit, the Debtor intends to deposit all of its receipts from grocer sales during the post-petition period into the Main Operating Account with Wells Fargo.

### IV.      Basis for Relief Requested

12.     Wells Fargo is designated as an authorized depository in the District of Oregon by the Office of the United States Trustee for the District of Oregon ("**U.S. Trustee**"), pursuant to its *Chapter 11 Guidelines* ("**U.S. Trustee Operating Guidelines**").[2] Each of the deposit

---

[2]     The U.S. Trustee Guidelines generally require chapter 11 debtors to deposit bankruptcy funds in an account with an authorized depository that agrees to comply with the U.S. Trustee's requirements. Section 345(b) of the Bankruptcy Code requires that a debtor's bank post a bond unless a debtor's funds are "insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States." 11 U.S.C. § 345(b).

Page 4    -    DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS (I)
                 AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNTS (II)
                 SCHEDULING FINAL HEARING, AND (III) GRANTING RELATED RELIEF

107576630.6 0056668-00010

Case 20-32485-pcm11    Doc 10    Filed 08/26/20

accounts with Wells Fargo complies with section 345(b) of the Bankruptcy Code, as Wells Fargo

is insured by the Federal Deposit Insurance Corporation ("**FDIC**") and none of the deposit

accounts hold funds in excess of the $250,000 limit imposed by the FIDC ("**FDIC Limit**").

13.     Commerce Bank, where the Debtor maintains one deposit account that holds

approximately $20,000 as of the Petition Date, is not an authorized depository under the U.S.

Trustee Operating Guidelines.  Nevertheless, the Debtor maintains that Commerce Bank is also

insured by the FDIC, and that this account complies with section 345(b) of the Bankruptcy Code

because it does not hold funds in excess of the $250,000 FDIC Limit.  Moreover, the principal

basis for Commerce Bank's noncompliance with the U.S. Trustee Guidelines appears to be

location, not its financial soundness or stability, as other divisions of Commerce Bank are

depositories approved by other offices of the U.S. Trustee.[3]

14.     To avoid substantial disruption to the normal operations of the Debtor's business,

the Debtor requests that it be permitted to use the deposit accounts at each of the Banks with the

same account numbers without interruption, notwithstanding that the U.S. Trustee Operating

Guidelines generally require chapter 11 debtors who remain "in possession" during their cases to

open debtor-in-possession bank accounts.  Requiring the Debtor's strict compliance with this

requirement, which is designed to provide a clear line of demarcation between prepetition and

post-petition claims, would cause an overly burdensome disruption to the Debtor's attempts to

reorganize.  The Debtor accordingly seeks a waiver of this requirement.

15.     The potential harm of granting this waiver is minimal.  The Debtor has and, if the

relief requested herein is granted, will continue to take affirmative steps to prevent foreseeable

adverse consequences of continuing to use the same deposit accounts.  In particular, to protect

against the possible inadvertent payment of prepetition claims, the Debtor immediately contacted

---

[3]     *E.g.*, Zions Bank, a division of Commerce Bank, is identified as an authorized depository
by other offices of the U.S. Trustee within Region 18, including offices covering the Western
District of Washington, District of Idaho, and District of Montana.  Other divisions of Commerce
Bank are identified as an authorized depository by U.S. Trustee's offices in other regions (*e.g.*,
California Bank & Trust in Region 16, which covers the Central District of California).

each of the Banks following the petition filing and requested that each of the Banks not honor any checks, withdrawal or disbursement requests issued prior to the Petition Date on any of the deposit accounts, except as otherwise expressly permitted by an order of the Court.

16.     In addition, all but one of the Debtor's suppliers are paid immediately upon delivery, and thus the Debtor believes it will be able to prevent any payment on account of a prepetition claim from being made, thus ensuring that, notwithstanding continued use of its prepetition bank accounts, the estate will be protected.

17.     In contrast, the potential harm of not waiving the U.S. Trustee Guidelines would be much greater.  As of the Petition Date, the Debtor's bank accounts are organized to coordinate the flow of funds generated from several retail locations and from wholesale sales to grocery stores, as well as the flow of funds to pay operating expenses, costs of goods sold, and payroll. Strictly enforcing the U.S. Trustee Guidelines would require the Debtor to close the Store Accounts, which in turn may disrupt the Debtor's ability to collect payments from customers at its retail locations (all of which are collected electronically through Square), and to pay its vendors and employees in the ordinary course without temporary disruption.

18.     Authority to continue the use of prepetition bank accounts has been routinely granted in other chapter 11 cases in the District of Oregon. *See, e.g.*, *In re Wall to Wall Tile & Stone, LLC, et al.*, Case No. 19-32600-dwh11 (Bankr. D. Or. July 18, 2019) [Docket No. 34]; *In re C & K Market, Inc.*, Case No. 13-64561-fra11 (Bankr. D. Or. Nov. 21, 2103) [Docket No. 68]; *In re Lumber Products*, Case No. 12-32729-elp11 (Bankr. D. Or. Apr. 23, 2012) [Docket No. 60]; *In re Blue Heron Paper Company*, Case No. 09-40921-rld11 (Bankr. D. Or. Jan. 1, 2010) [Docket No. 31]; *In re Stayton SW Assisted Living, L.L.C.*, Case No. 09-cv-6082-HO (D. Or. Oct. 5, 2009) [Docket No. 337].

19.     The Debtor submits that under the circumstances, it is in the best interest of the Debtor's estate to authorize the Debtor to continue using the existing deposit accounts, and requests that the Court allow it to operate each of the accounts as they were maintained in the

Page 6     -     DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNTS (II) SCHEDULING FINAL HEARING, AND (III) GRANTING RELATED RELIEF

107576630.6 0056668-00010

Case 20-32485-pcm11     Doc 10     Filed 08/26/20

ordinary course of business before the Petition Date and waive the fourteen day stay imposed by Bankruptcy Rule 6004(h).

WHEREFORE, the Debtor requests that the Court enter the proposed Interim Order, substantially in the form attached hereto as <u>Exhibit A</u>**,** granting the relief requested in this Motion and such other and further relief as the Court deems just and proper.

DATED:  August 26, 2020.

STOEL RIVES LLP

*/s/ Oren B. Haker*
Oren B. Haker, OSB No. 130162
oren.haker@stoel.com
Kristin E. Russell, OSB No. 200074
kristin.russell@stoel.com
Daniel R. Kubitz, OSB No. 181381
daniel.kubitz@stoel.com
Telephone:  503.224.3380
Facsimile:  503.220.2480

*Proposed Attorneys for Debtor*
*and Debtor-in-Possession*

107576630.6 0056668-00010

Case 20-32485-pcm11    Doc 10    Filed 08/26/20

**EXHIBIT A**
**(Proposed Interim Order)**

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 20-32485-pcm11 |
| BLUE STAR DOUGHNUTS LLC, DBA BLUE STAR DONUTS, | ORDER (I) AUTHORIZING INTERIM CONTINUED USE OF EXISTING BANK ACCOUNTS, (II) SCHEDULING A FINAL HEARING, AND (III) GRANTING RELATED RELIEF |
| Debtor. | |

THIS MATTER having come before the Court on the *Debtor's Motion for Interim and Final Orders (I) Authority Continued Use of Existing Bank Accounts, (II) Scheduling a Final Hearing, and (III) Granting Related Relief* ("**Motion**") [Docket No. 10], the Court having reviewed the Motion, the *Declaration of Katherine J. House in Support of First Day Papers*, the *Declaration of William Price in Support of First Day Papers*, and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before

Page 1   -   ORDER (I) AUTHORIZING INTERIM CONTINUED USE OF EXISTING BANK ACCOUNTS, (II) SCHEDULING A FINAL HEARING, AND (III) GRANTING RELATED RELIEF

the Court ("**Hearing**"); and the Court having found that (1) the Court has jurisdiction over this matter pursuant to sections 157 and 1334 of title 28 of the United States Code ("**Judicial Code**"), (2) venue is proper in this district pursuant to sections 1408 and 1409 of the Judicial Code, (3) this is a core proceeding pursuant to section 157(b) of the Judicial Code, and (4) notice of the Motion and the Hearing were sufficient under the circumstances and that no further notice need be given for the relief sought herein; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors; and such relief is necessary to avoid immediate and irreparable harm, or otherwise that good cause having been shown,

IT IS HEREBY ORDERED that

1. The Motion is granted as set forth herein.

2. The final hearing ("**Final Hearing**") on the Motion shall be held on _____, 2020, at __:__ _.m., prevailing Pacific Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before _____, 2020. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtor is authorized to continue maintaining and using its existing deposit accounts at Wells Fargo and Commerce Bank and maintain its existing cash management system for the interim period pending a Final Hearing.

4. The Debtor's deposit accounts shall continue to governed by the prepetition deposit account agreements between the Debtor and Commerce Bank and Wells Fargo, respectively.

5.      The Debtor is authorized to continue to use its existing bank accounts without reference to the Debtor's debtor-in-possession status.

6.      Wells Fargo and Commerce Bank are hereby authorized and directed to continue to service and administer the bank accounts of the Debtor without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, or ACH transfers drawn on the bank accounts by the holders or makers thereof, to the extent the Debtor has sufficient funds in such accounts.

7.      The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this order.

8.      The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the use of property authorized by this order.

9.      Notwithstanding Bankruptcy Rule 6004(h), this order shall be immediately effective and enforceable upon its entry.

# # #

Page 3    -    ORDER (I) AUTHORIZING INTERIM CONTINUED USE OF EXISTING
              BANK ACCOUNTS, (II) SCHEDULING A FINAL HEARING, AND (III)
              GRANTING RELATED RELIEF
107669314.4 0056668-00010

Case 20-32485-pcm11    Doc 10    Filed 08/26/20

Presented by:

STOEL RIVES LLP

_____

Oren B. Haker, OSB No. 130162
Kristin E. Russell, OSB No. 200074
Daniel R. Kubitz, OSB No. 181381
760 S.W. Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480
Email:    oren.haker@stoel.com
          kristin.russell@stoel.com
          daniel.kubitz@stoel.com

Proposed Attorneys for Debtor
and Debtor-in-Possession

cc:    List of Interested Parties