Oren B. Haker, OSB No. 130162
Kristin E. Russell, OSB No. 200074
Daniel R. Kubitz, OSB No. 181381
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

*Proposed Attorneys for Debtor
and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>BLUE STAR DOUGHNUTS LLC<br>DBA BLUE STAR DONUTS,<br><br>      Debtor. | Case No. 20-32485-pcm11<br><br>DEBTOR'S APPLICATION TO EMPLOY<br>STOEL RIVES LLP AS ATTORNEYS FOR<br>DEBTOR AND DEBTOR-IN-POSSESSION |

Blue Star Doughnuts, LLC, dba Blue Star Donuts, the above-captioned debtor and debtor-in-possession ("**Debtor**"), applies for an order authorizing the Debtor to employ Stoel Rives LLP ("**Stoel Rives**" or "**Firm**") as chapter 11 counsel for the Debtor ("**Employment Application**"). The Debtor submits the Employment Application pursuant to section 327 of title 11 of the United States Code ("**Bankruptcy Code**") and rule 2014 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") and rule 2014-1(b) of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Oregon ("**Local Rules**"). In support of this Motion, the Debtor incorporates by reference the *Declaration of Katherine J. House in Support of First Day Papers*, at dkt. no. 8 ("**House Declaration**") and the *Declaration of William Price in Support of First Day Papers*, at dkt. no. 9 ("**Price Declaration**"), and respectfully states:

Page 1 - Debtor's Application to Employ Stoel Rives LLP as Attorneys for Debtor and Debtor-in-Possession

1.      On August 26, 2020 ("**Petition Date**"), the Debtor filed its voluntary petition under chapter 11 of the Bankruptcy Code and, as a "small business debtor" under section 101(51D) of the Bankruptcy Code, elected treatment under subchapter V of chapter 11 of the Bankruptcy Code.

2.      This Court has jurisdiction to consider the Employment Application pursuant to section 1334 of title 28 of the United States Code ("**Judicial Code**"). This is a core proceeding pursuant to section 157(b) of the Judicial Code. Venue is proper before this Court pursuant to sections 1408 and 1409 of the Judicial Code.

## I.     <u>Factual Background</u>

3.      As of the Petition Date, the Debtor has continued in possession of its property and has continued to operate and manage its business affairs as a debtor-in-possession pursuant to sections 1182 and 1184 of the Bankruptcy Code in accordance with interim and final first-day relief granted by this Court, at dkt. nos. 29 (Gift Card Order), 33 (Interim Cash Management Order), 49 (Interim Cash Collateral Order), and 51 (Wages Order).

4.      The Debtor intends to remain in possession subject to any further order of this Court.

5.      On September 9, 2020, the Debtor filed its Statement of Financial Affairs, at dkt. no. 58, and its Schedules of Assets and Liabilities, at dkt. no. 59.

6.      Additional information about the Debtor's business and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, are set forth in the House Declaration, at dkt. no. 8, and the Price Declaration, at dkt. no. 9, which are incorporated herein by reference.

## II.     <u>Relief Requested</u>

7.     By filing the Employment Application, the Debtor seeks approval by this Court to employ Stoel Rives as counsel to the Debtor in accordance with the terms and conditions set forth in that certain engagement letter between the Debtor and Stoel Rives effective on or about May 7, 2020, as amended on July 20, 2020 ("**Engagement Letter**"), a copy of which is attached hereto as Exhibit A and incorporated herein by reference.

### III.     Basis for Relief Requested

8.     Rule 2014(a) of the Bankruptcy Rules provides in relevant part: "An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to sections 327, 1103, or 1114 of the Bankruptcy Code shall be made only on application of the trustee or committee. . . ."

9.     The Debtor seeks to retain Stoel Rives as its attorneys pursuant to sections 327(a) and 328(a) of the Bankruptcy Code.   Section 327(a) provides that a debtor, subject to Court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

10.     Section 328(a) provides that a debtor, subject to Court approval, "may employ . . . a professional person . . . on any reasonable terms of employment."

11.     Rule 2014(a) requires that the Employment Application include:

> . . . specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor,

Page 3   -   Debtor's Application to Employ Stoel Rives LLP as Attorneys for Debtor and Debtor-in-Possession

creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States trustee. . . . .

. . . The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States trustee. . . . The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee."

Fed. R. Bankr. P. 2014(a).

12.     In May 2020, the Debtor selected Stoel Rives to advise the Debtor on its restructuring options in light of the effects of Covid-19 on the Debtor's financial condition. The Debtor had been a long-standing client of Stoel Rives for corporate and employment matters dating back to August 2015. Moreover, immediately prior to engaging Stoel Rives on restructuring matters, the Debtor retained Stoel Rives to assist the Debtor with respect to its commercial leases for its retail establishments in the Portland metropolitan area, given the Debtor was already experiencing liquidity issues relating to the Oregon Governor's Executive Order 20-13, which forced all of the Debtor's retail operations to shut down on March 17, 2020. Thus, at the time the Debtor engaged Stoel Rives for legal assistance with respect to its financial condition, Stoel Rives already understood the Debtor's business and the principals managing the Debtor's day to day finances and operations.

13.     In addition, the Debtor selected Stoel Rives as restructuring counsel because the Firm has extensive experience and knowledge in corporate bankruptcy, corporate finance, corporate governance and commercial litigation matters. While the Debtor hoped to restructure its operations and balance sheet without having to resort to chapter 11, the Debtor selected Stoel Rives, in part, on account of its expertise in chapter 11 restructurings and reorganizations. Stoel

Page 4   -   Debtor's Application to Employ Stoel Rives LLP as Attorneys for Debtor and Debtor-in-Possession

Rives has been actively involved in a number of chapter 11 cases before this Court over the past four years including: *In re NORPAC Foods, Inc.*, case no. 19-62584 and *In re West Linn Paper Co.*, case no. 17-33992, as well as in chapter 11 cases in other jurisdictions, including *In re Southern Foods Group, LLC*, case no. 19-36313 (Bankr. S.D. Tex.), *In re Westmoreland Coal Co.*, case no. 18-35672 (Bankr. S.D. Tex.), *In re SunEdison, Inc.*, case no. 16-10992 (Bankr. S.D.N.Y.), *In re Windstream Holdings, Inc.*, case no. 19-22312 (Bankr. S.D.N.Y.), *In re Caesars Entertainment Operating Co.*, case no. 15-01145 (Bankr. N.D. Ill.).

14.     Moreover, Oren Haker, lead lawyer for the Debtor, spent almost a decade representing chapter 11 debtors in cases filed in the Bankruptcy Court for the Southern District of New York, including: *In re Lyondell Chemical Co.*, case no. 09-10023 (Bankr. S.D.N.Y.); *In re Northwest Airlines Corp.*, case no. 05-17930 (Bankr. S.D.N.Y.); *In re Saint Vincent Catholic Medical Centers*, case no. 10-11963 (Bankr. S.D.N.Y.); and *In re Adelphia Communications Corp.*, case no. 02-41729 (Bankr. S.D.N.Y.).  While Mr. Haker has not previously appeared before this Court on behalf of a chapter 11 debtor, his experience representing other companies in chapter 11 proceedings – along with his extensive work on behalf of companies in distress – has provided the Debtor with steady guidance throughout the prepetition period and the Debtor is confident that Mr. Haker and Stoel Rives can effectively represent the Debtor during the post-petition period.

15.     The Debtor believes that Stoel Rives is both well-qualified and uniquely able to represent it in its chapter 11 case in an efficient and effective manner.  If this Court requires the Debtor to retain chapter 11 counsel other than Stoel Rives in connection with these proceedings, the Debtor, its estate, and all parties in interest will be unduly and materially prejudiced, including by the time and substantial expense necessary to enable alternate counsel to become familiar with

Page 5   -   Debtor's Application to Employ Stoel Rives LLP as Attorneys for Debtor and Debtor-in-Possession

the Debtor's business, its operations, and its attempts to restructure certain liabilities during the prepetition period between May 5, 2020 and August 25, 2020. The Debtor, therefore, requests that the Court authorize Stoel Rives to represent the Debtor and approve the terms of the engagement as set forth in the Engagement Letter, subject to further order of this Court.

## IV.  Services to be Provided

16.  Subject to further order of the Court, and consistent with the Engagement Letter, the scope of the services provided to the Debtor include:

a.  providing legal advice regarding local rules, practices, precedent and procedures, and providing substantive and strategic advice to the Debtor with respect to its fiduciary duties, post-petition operations, relief from this Court that may be necessary for the Debtor to restructure its debts and reorganize its operations, alternative financing options to the extent necessary, and formulation of a chapter 11 plan and prosecution of the confirmation of its chapter 11 plan;

b.  appearing in Court, in depositions, and at any meeting with the United States Trustee for the District of Oregon ("**U.S. Trustee**") and any meeting of creditors at any given time on behalf of the Debtor, as its counsel;

c.  working with counsel to parties in interest, including creditors, the U.S. Trustee, and the subchapter V trustee;

d.  negotiating, drafting, reviewing, commenting, and/or preparing agreements, motions, complaints, documents, and discovery materials to be filed with the Court as counsel to the Debtor, including among other things the chapter 11 reorganization plan;

e.  advising and assisting the Debtor with respect to its reporting requirements under the Bankruptcy Code;

f.  taking all necessary actions to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor in negotiations concerning litigation in which the Debtor is involved, including objections to claims filed against the Debtor's estate;

g.  performing various services in connection with the administration of this case, including, without limitation, (i) preparing certificates of no objection, certifications of counsel, notices of fee applications and hearings, agendas,

and hearing binders of documents and pleadings, (ii) monitoring the docket for filings and pending matters that require responses, (iii) preparing and maintaining critical dates memoranda to monitor pending applications, motions, hearing dates and other matters and the deadlines associated with the same, (iv) preparing and filing on behalf of the Debtor all necessary motions, notices, applications, answers, orders, reports and papers in support of positions taken by the Debtor, and (v) handling inquiries and calls from creditors and counsel to interested parties regarding pending matters and the general status of the case and any necessary responses; and

h.    performing all other services assigned by the Debtor, as counsel to the Debtor, provided that such services assigned by the Debtor constitute an exercise of the Debtor's business judgment in its capacity as a fiduciary of its bankruptcy estate.

## V.    **Professional Compensation**

17.    As set forth in the Engagement Letter, Stoel Rives intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with this case, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.  The hourly rates of Stoel Rives for this engagement are the same as, or substantially similar to, the Firm's hourly rates for other bankruptcy and restructuring matters, whether in or out-of-court, and regardless of whether payment of legal fees incurred is contingent on allowance by a court of competent jurisdiction.

18.    Stoel Rives current hourly rates for matters related to this chapter 11 case range as follows:

| Timekeepers | Range of Hourly Rates |
| --- | --- |
| Partners | $390-$795 |
| Of Counsel | $315-$710 |
| Associates | $265-$485 |
| Paralegals/Professional Staff | $215-$325 |

Page 7  -  Debtor's Application to Employ Stoel Rives LLP as Attorneys for Debtor and Debtor-in-Possession

19.     Stoel Rives hourly rates are set at a level designed to compensate Stoel Rives fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions.

20.     As set forth in the Engagement Letter, Stoel Rives represented the Debtor during the four-month period before the Petition Date pursuant to the range of hourly rates set forth in paragraph 18 above.  Moreover, these hourly rates are consistent with the rates that Stoel Rives charges other comparable clients, regardless of the location of the case.

21.     As set forth in the Engagement Letter, Stoel Rives agreed to cap the legal fees incurred outside of a chapter 11 case in connection with an out-of-court restructuring in the amount of $25,000 ("**Prepetition Fee Cap**"), and specifically, Stoel Rives agreed that the Prepetition Fee Cap applied to legal services provided to the prepetition Debtor that related to (i) an out-of-court workout of disputes with contract counterparties; (ii) a debt restructuring and recapitalization plan; and (iii) prepetition legal work to prepare the prepetition Debtor for a chapter 11 case.

22.     Also pursuant to the Engagement Letter, Stoel Rives agreed to cap the legal fees incurred by the Debtor between the Petition Date and the date on which the Debtor confirms a chapter 11 plan for legal services that relate to representing the Debtor during the post-petition period for the purpose of proposing a consensual chapter 11 plan of reorganization, in the amount of $25,000 ("**Post-petition Fee Cap,**" and together with the Prepetition Fee Cap, the "**Fee Cap**").  The Post-petition Fee Cap excludes any legal work provided on behalf of the Debtor that relates to an adversary proceeding or unnecessary contested matters in the Debtor's chapter 11 case.  Moreover, in the event the Debtor is unable to confirm a consensual chapter 11

106704706.4 0056668-00010

plan pursuant to section 1191 of the Bankruptcy Code, the Post-petition Fee Cap shall not apply and the Firm may seek allowance and payment of legal fees incurred in excess of the Post-petition Fee Cap.

23. Stoel Rives agreed to provide the Debtor with the Fee Cap because of the financial condition of the Debtor resulting from Covid-19 and due to the long-standing relationship that the Firm had with the Debtor. For the avoidance of doubt, the Post-petition Fee Cap is designed to encourage creditors and other interested parties in this chapter 11 case to engage with the Debtor and Stoel Rives in a collaborative and transparent manner, and is intended to incentivize creditors and interested parties to have their respective legal representatives communicate in good faith before filing objections and pleadings that may not be necessary to resolve their issues and/or preserve their rights.

24. Consistent with the Engagement Letter, it is Stoel Rives policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that client. It is also Stoel Rives policy to charge its clients only the amount actually incurred by Stoel Rives in connection with such items. Examples of such expenses include, postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

25. To ensure compliance with all applicable deadlines in this chapter 11 case, from time to time Stoel Rives utilizes the services of overtime practice assistants. Stoel Rives charges fees for these services pursuant to the Engagement Letter, which permits Stoel Rives to bill the Debtor for overtime secretarial and non-legal practice assistant charges that arise out of business necessity.

Page 9 - Debtor's Application to Employ Stoel Rives LLP as Attorneys for Debtor and Debtor-in-Possession

26.     Stoel Rives currently charges the Debtor $0.12 per page for standard duplication in its offices in the United States.  Notwithstanding the foregoing, and consistent with the Local Rules, Stoel Rives will charge no more than $0.12 per page for standard duplication services in this chapter 11 case.  Stoel Rives does not charge its clients for incoming facsimile transmissions.  Computer-assisted legal research is used whenever the attorney determines that using Westlaw is more cost-effective than using traditional (non-computer-assisted legal research) techniques.  Stoel Rives has negotiated a discounted rate for Westlaw computer-assisted legal research and will charge the Debtor at the discounted rate for any legal research that requires the use of Westlaw.

## VI.     Compensation Received by Stoel Rives from the Debtor

27.     Per the terms of the Engagement Letter, the Debtor transferred to the Firm $25,000 as a security retainer for legal services to be provided and expenses to be incurred in connection with this matter on or about May.  Just prior to the filing of the petition on the Petition Date, Stoel Rives drew down on the retainer in the amount of $25,000 on account of legal fees incurred prior to the Petition Date. Fees for legal services provided to the Debtor during the prepetition period in excess of $25,000 were written off by the Firm.  As of the Petition Date, Stoel Rives did not hold in trust any funds of the Debtor.

28.     Pursuant to Bankruptcy Rule 2016(b), Stoel Rives has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with Stoel Rives or (b) any compensation another person or party has received or may receive.

29.     Stoel Rives will maintain detailed, contemporaneous time records of expenses incurred, with the rendering of legal services described above by category and nature of services rendered during the Debtor's chapter 11 case.

30.     As disclosed in the Rule 2014 Verified Statement for Professionals filed herewith ("**Rule 2014 Verified Statement**"), prior to the filing of the bankruptcy petition, Stoel Rives received payments from the Debtor for prepetition legal services provided and costs incurred, including for the chapter 11 filing fee, and received a security retainer that was exhausted prior to the Petition Date.

31.     Within the 12-month period preceding the Petition Date, Stoel Rives provided legal services to the Debtor.  The payment for legal services provided to the Debtor and expenses incurred by the Firm on account of the work performed on behalf of the Debtor prior to the Petition Date are disclosed on the Rule 2014 Verified Statement attached hereto.

32.     Further, as stated in the 2014 Verified Statement, Stoel Rives is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate and has no connection to the Debtor, its creditors, or other parties in interest, except as otherwise disclosed in the Rule 2014 Verified Statement.

WHEREFORE, the Debtor respectfully requests that the Court enter the proposed form of order, substantially in the form attached hereto as Exhibit B, authorizing the Debtor to engage Stoel Rives as chapter 11 counsel to the Debtor in connection with this chapter 11 case.

106704706.4 0056668-00010

DATED:  September 9, 2020.        STOEL RIVES LLP


        */s/ Oren B. Haker*           
        Oren B. Haker, OSB No. 130162
        Kristin E. Russell, OSB No. 200074
        Daniel R. Kubitz, OSB No. 181381
        oren.haker@stoel.com
        kristin.russell@stoel.com
        daniel.kubitz@stoel.com
        Telephone:  503.224.3380
        Facsimile:  503.220.2480

        *Proposed Attorneys for Debtor and Debtor-in-Possession*

Page 12  -   Debtor's Application to Employ Stoel Rives LLP as Attorneys for Debtor and Debtor-in-Possession

106704706.4 0056668-00010

# **EXHIBIT A**

[ENGAGEMENT LETTER]



May 7, 2020

Oren B. Haker
D. 503.294.9338
oren.haker@stoel.com

**BY EMAIL**

Katie Poppe, CEO
Mr. Will Price, CFO
603 SW Arboretum Circle
Portland, OR 97221

**Re:  Engagement Letter – Corporate Restructuring Matter/Chapter 11**

Dear Ms. Poppe and Mr. Price:

Thank you for selecting Stoel Rives LLP ("Stoel Rives" or "Firm") to represent Blue Star Doughnuts, LLC ("Client," "Blue Star," or "you"). We appreciate the opportunity to act as your legal counsel. This letter, and the attached Standard Terms of Representation, set forth the terms on which Stoel Rives will provide legal services to you ("Terms of Engagement"), subject only to the applicable rules in the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), corresponding local bankruptcy rules ("Local Rules"), and title 11 of the United States Code ("Bankruptcy Code").

**Scope of Engagement**. You have engaged Stoel Rives to represent you in connection with a restructuring, and potential recapitalization of, Blue Star's business ("Engagement"), including, if ultimately necessary, a chapter 11 proceeding under the Bankruptcy Code.  Because this Engagement is likely to influence and affect how you address other discrete matters for which we have provided legal services from time to time, such as certain employment or leasing matters, we intend to fold those matters into this matter going forward to ensure the separate matters are handled with your overall restructuring goals in mind.  To the extent another Stoel attorney has been handling discrete matters for you, that attorney will continue to do so, but this matter will require a degree of coordination among the different attorneys at Stoel to ensure that the work we are doing advances Client's overall restructuring goals, and that coordination will be led by Ellen Ostrow and myself.  Of course, we will monitor the time spent by individual Stoel attorneys to avoid any unnecessary or duplication of legal services.

**Client Relationship**. As we have discussed, our client in the Engagement will be Blue Star Doughnuts, LLC (defined above as Blue Star, Client, or you), and we will take our direction from

stoel.com  760 SW Ninth Avenue, Suite 3000, Portland, OR 97205
**T** 503.224.3380  **F** 503.220.2480

106354209.2 0056668-00000

Blue Star's management. We understand that Blue Star does not have any affiliated entities that will require legal assistance in connection with this matter, but in the event certain other business entities are affected by our work for you in this matter, you agree that we are not acting as counsel to any legal entity other than Blue Star, and that Stoel Rives may represent clients adverse to these affiliated entities in matters unrelated to this Engagement. Moreover, to the extent any work we do for Blue Star triggers legal issues for its affiliated entities or any of its members or managers, you consent to waive any conflict of interest that may arise between Blue Star and its affiliates, including any of its affiliates' members or managers.

For the avoidance of doubt, our representation of Blue Star does not include acting as counsel for any member, manager, employee, officer, director or investor of Blue Star. In fact, in the event Blue Star files a chapter 11 petition, it will, as a chapter 11 debtor and debtor-in-possession, have a fiduciary responsibility to consider the interests of all of its stakeholders, including its unsecured creditors. By signing this letter, you acknowledge that, as a chapter 11 debtor and debtor-in-possession, Blue Star may be required to take certain actions that are detrimental to the interests of its members, managers, employees, officers, directors and investors if such actions maximize the enterprise value of Blue Star and by extension, ultimate recoveries for Blue Star's creditors.

**Conflicts.** Stoel Rives represents companies, individuals and government agencies in many matters throughout many jurisdictions. During the time we are representing you, we may represent other clients ("Firm clients") in disputes or transactions adverse to you that are not substantially related to the Engagement and that do not materially limit our ability to represent you. Moreover, there may be creditors or interested parties in Blue Star's chapter 11 proceeding that are Firm clients for whom we are or may be advising on matters unrelated to Blue Star and its interests. Prior to any chapter 11 filing, we will need to run a complete list of Blue Star's counterparties and creditors through our conflicts database to determine our Firm's "connections" with Blue Star's creditors and interested parties, and these "connections" will need to be disclosed to the Bankruptcy Court, pursuant to Bankruptcy Rule 2014, in connection with an application to employ our Firm as chapter 11 counsel to Blue Star.

By signing this letter, you consent to our present and future representation of these Firm clients and other adversaries/competitors on matters substantially unrelated to this Engagement, some of whom may be creditors or interested parties in a chapter 11 case of Blue Star. This consent, if provided, also allows Stoel Rives to take positions adverse to either you, or any of your affiliates, in any matters (whether involving the same substantive areas of law for which you have retained the Firm or some other unrelated areas of law, and whether involving transactional, litigation, or advisory matters), so long as two conditions are met: (1) the representation does not involve any work that we have done for you; and (2) the representation would not place us in a position to use your confidential information adversely to you.

106354209.2 0056668-00000

For the avoidance of doubt, this consent does not authorize us to represent a creditor or interested party in an actual dispute with Blue Star that relates to this Engagement, whether during the pre-bankruptcy period of this Engagement or during a Blue Star chapter 11 proceeding. In the event Firm clients are interested parties in your chapter 11 case, we will not represent either Blue Star or our Firm client in the chapter 11 case, and any actual disputes that you may have with an interested party that is a Firm client in a chapter 11 case will need to be handled by conflicts counsel and is expressly carved out from this Engagement.

Because the work that we have been asked to perform on the Engagement is unrelated to any present matter we may be handling adverse to you[1] and under the terms of our agreement would be unrelated to any future matters we may take on adverse to you, we do not believe that there is a material risk that your confidential information will be used adversely to you. Similarly, the lack of a relationship between our work for you under the Engagement and our work for other clients – current and future – suggests to us that there is little risk that our efforts on your behalf will be affected. Although we do not believe that these factors would affect your representation, you should review this yourself.

To ensure that any consent you provide is fully informed, I welcome any questions you have and recommend that you review the issue of consent with independent counsel. Whether you actually review the issue of consent with independent counsel, however, is up to you.

**Principal Attorneys.** Ellen Ostrow and I will be the attorneys principally responsible for the Engagement. Jeannie Lihs, our paralegal, will be dedicated to this engagement, and wherever appropriate, Dan Kubitz, a junior bankruptcy associate who is a member of our team, may handle certain discrete matters. However, as our representation progresses and non-bankruptcy issues arise, other attorneys at Stoel Rives may become responsible for and handle certain aspects of our work for you. If you ever have any questions or concerns about how we staff matters, please do not hesitate to let me know. Otherwise, we will use our judgment to determine how to staff matters in the most cost-effective manner possible.

---

[1] Note that as of the time of this Engagement, we have not identified any matters for Firm clients adverse to Blue Star and will not—during the pre-chapter 11 filing period—accept a new matter for a Firm client adverse to Blue Star without confirming your consent, given the broad scope of this Engagement. Nor do we envision a scenario at this time where we could accept a new engagement with a Firm client adverse to Blue Star during a chapter 11 representation and prior to confirmation of a reorganization plan in chapter 11 case. Practically speaking, the advance consent, insofar as it is enforced against Blue Star in connection with a matter that puts another Firm client's interests in direct adversity to Blue Star's interests, is only likely to be enforced by our Firm post-confirmation of a chapter 11 plan, and even then, is not enforceable unless the matter is unrelated to this Engagement.

**Retainer; Fees Incurred Prepetition**. You paid us an advance retainer of $25,000 on May 5, 2020 to secure initial payment of our fees for legal services that we intend to provide under the terms of this Engagement, and any expenses that we incur in connection with same. These funds will be deposited in our client trust account, and we will draw against them from time to time to satisfy the fees incurred for legal services provided and expenses incurred by us. We will advise you when we expect the retainer to be depleted, at which time we may ask you to replenish the retainer. If you decline our request, we may discontinue our work for you and withdraw from the Engagement, subject to our ethical and professional obligations and any necessary court approval. We will promptly return any unused funds at the completion of this matter once all fees for legal services provided and expenses incurred have been satisfied.

In the event you decide to file for chapter 11 protection, this letter and the Terms of Engagement will be disclosed to the Bankruptcy Court in connection with your application to employ Stoel Rives as chapter 11 counsel. Should the Bankruptcy Court approve your application to employ us, which we cannot predict with any certainty at this time, our fees for legal services provided and expenses incurred will be subject to the review of the Bankruptcy Court prior to payment.

Unless we agree to other arrangements, the principal factors that determine our fees incurred in connection with the Engagement are the time devoted to the matter and the hourly rates of the attorneys and staff involved in the matter. My current hourly rate is $620 and Ellen's current hourly rate is $435. Because I have a habit of delegating matters to junior members of our team wherever appropriate, our "blended" hourly rate will be lower than my hourly rate. For reference, our Firm's hourly billing rates for lawyers currently range from $265 per hour for associates to $795 per hour for partners. Time devoted by other professional staff is charged at billing rates ranging from $215 to $325 per hour. These billing rates are subject to change from time to time and are adjusted at least annually. Legal services provided after the effective date of the new rates will be charged at the new applicable rates. As explained in the enclosed Standard Terms of Representation, we may take other factors into consideration in determining our fees.

**In-Firm Communications**. From time to time, issues may arise relating to our duties under the professional conduct rules that apply to lawyers. These issues may involve conflict of interest questions or even a dispute between Stoel Rives and a client over how we have handled a client matter. When such issues arise, we may seek the advice of our Firm Counsel and loss prevention partners. We consider such consultations to be attorney-client privileged communications. We believe that it is in our clients' interests, as well as Stoel Rives' interest, that when legal ethics or related issues arise during a representation, we obtain expert analysis of our obligations. Accordingly, you agree that if we determine in our own discretion during the course of the representation that it is either necessary or appropriate to consult with our internal or outside counsel, we have your consent to do so and that our representation of you shall not waive any

attorney-client privilege Stoel Rives may have regarding the confidentiality of our communications with counsel.

**Protected Health Information**. We do not believe that this Engagement will require us to access, create, receive, use, maintain disclose or transmit Protected Health Information ("PHI") as that term is defined in the privacy and security rules issued under the Health Insurance Portability and Accountability Act of 1996, as amended. In the event you believe that we need to review information that constitutes PHI, we request that you communicate with us in advance of sending the information so that we can confirm that such review is necessary and, if so, sign a business associate agreement and arrange for an appropriately secure method of transmission. We request that you do not email us PHI unless you are using an email encryption program.

In the event this Engagement requires the filing of a chapter 11 proceeding, you acknowledge that such proceedings may be unpredictable and may involve adverse consequences depending on the position taken by certain stakeholders in the proceeding and rulings by the Bankruptcy Court. Moreover, the cost of representing you in a chapter 11 proceeding will be determined, in part, by the posture taken by certain stakeholders and rulings by the Bankruptcy Court. Thus, it is impossible for us to estimate with any certainty what the total fees may be, nor can we guarantee the outcome of a chapter 11 proceeding. You acknowledge that your obligation to pay our fees and expenses is not contingent on the outcome of any chapter 11 proceeding.

This letter acknowledges our receipt of the advance deposit in the amount of $25,000. If the Terms of Engagement meet with your approval, please promptly sign the letter in the space below and return a copy to me. Please call or email me if you have any questions. Once again, let me say how pleased we are that you have entrusted Stoel Rives to represent you in the Engagement. We look forward to working with you.

Very truly yours,

Oren B. Haker

Katie Poppe
Will Price
May 7, 2020
Page 6


**THE UNDERSIGNED ACKNOWLEDGES AND ACCEPTS THE TERMS OF ENGAGEMENT, AND CONSENTS TO STOEL RIVES' REPRESENTATION NOTWITHSTANDING ACTUAL OR POTENTIAL CONFLICTS OF INTEREST DESCRIBED ABOVE.**

Blue Star Doughnuts, LLC

By: _____

Title: _____ C F O _____

Date: _____ 5/7/2020 _____

DocuSign Envelope ID: 9686CF37-3EDA-436A-A7EA-A6CA88A90B04



July 16, 2020

Oren B. Haker
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
D. 503.294.9338
oren.haker@stoel.com

**BY EMAIL**

Blue Star Donuts, LLC
Katie House, CEO
Will Price, CFO
603 SW Arboretum Circle
Portland, OR 97221

**Re:    Amendments to Engagement Letter**

Dear Ms. House and Mr. Price:

This letter amends the terms of Blue Star Donuts, LLC's ("Client," "Blue Star," or "you") engagement of Stoel Rives, LLP ("Stoel Rives" or "Firm") as set forth in that certain engagement letter dated May 7, 2020 ("Engagement") and, in connection with, seeks the consent of Micah Camden, Katie House, Basil Bullard, Gary "Chip" Rothenberger, Jr., and W.P. Price Tax and Accounting (each, a "Member," and collectively, the "Members") to represent Blue Star in an out-of-court restructuring and, if necessary, as a debtor and debtor-in-possession in chapter 11 of title 11 of the United States Code ("Bankruptcy Code") pursuant to the terms set forth in the May 7th engagement letter as amended herein.

The terms of the engagement as set forth in the May 7th letter are amended as follows:

1.  Our Firm has agreed to cap the fees that Blue Star incurs in connection with this Engagement in the amount of $25,000 for legal services provided on behalf of Blue Star that relate to (i) an out-of-court workout of Blue Star's liabilities to existing creditors, (ii) a debt restructuring and recapitalization plan, and (iii) legal preparation for a chapter 11 filing, including preparation of first day and second day motions ("Prepetition Fee Cap"). The Prepetition Fee Cap excludes, for the avoidance of doubt, any legal work provided on behalf of Blue Star that relates to a litigation matter.

2.  Our Firm has agreed to cap the fees that Blue Star incurs in connection with this Engagement in the amount of $25,000 for legal services provided on behalf of Blue Star as a chapter 11 debtor and debtor-in-possession that relate to preparation and negotiation of a "consensual" chapter 11 plan ("Postpetition Fee Cap"). The Postpetition Fee Cap excludes, for the avoidance of doubt, any legal work provided on behalf of Blue Star as a debtor and debtor-in-possession that relates to an adversary proceeding or contested matter in its chapter 11 case, including without limitation responding formally or informally to a complaint, objection, response, reply, or any other filing in the Bankruptcy Court or in any other court of competent jurisdiction.

107335456.1 0056668-00010

DocuSign Envelope ID: 9686CF37-3EDA-436A-A7EA-A6CA88A90B04

Katie House, CEO
Will Price, CFO
July 16, 2020
Page 2

3. You acknowledge that, in the event Blue Star files for chapter 11 protection and our Firm determines that Blue Star is unable to confirm a consensual chapter 11 plan under section 1191 of the Bankruptcy Code, the Postpetition Fee Cap shall not apply and our Firm may seek allowance and payment of legal fees incurred in excess of the Postpetition Fee Cap.

Except as set forth in this paragraph, the terms and conditions of the May 7, 2020 engagement letter shall remain in effect as if fully restated herein, except as may be modified by an order of a Bankruptcy Court.

By executing this letter, each Member acknowledges that our Firm's only client in connection with this Engagement is Blue Star and that our Firm does not represent the interests of each Member in Blue Star. Moreover, each Member acknowledges our Firm's prior representation of Katie House in connection with amendments to Blue Star's operating agreement and our Firm's ongoing representation of Micah Camben in connection with matters unrelated to this Engagement ("Other Work"). While our Firm does not believe that its Other Work creates a conflict in connection with our work for Blue Star in connection with this Engagement, we request that Blue Star and each member of Blue Star consent to waive any conflict that may exist or may arise in the future relating to our Firm's ongoing representation of Blue Star in connection with this Engagement. To ensure that each Member's consent is fully informed, I welcome any questions and recommend that each Member review the issue of consent with independent counsel. Whether each Member actually reviews the issue of consent with independent counsel, however, is up to each Member.

Very truly yours,

Oren B. Haker

DocuSign Envelope ID: 9686CF37-3EDA-436A-A7EA-A6CA88A90B04

Katie House, CEO
Will Price, CFO
July 16, 2020
Page 3

**THE UNDERSIGNED ACKNOWLEDGES AND ACCEPTS THE TERMS OF THE ENGAGEMENT AS AMENDED BY THIS LETTER, AND CONSENTS TO STOEL RIVES' REPRESENTATION NOTWITHSTANDING ACTUAL OR POTENTIAL CONFLICTS OF INTEREST DESCRIBED ABOVE.**

By: _Katherine J. House_
_____
Katherine M. House, CEO of
Blue Star Doughnuts, LLC
and in her capacity as a Member
Date: 7/17/2020
_____

By: _____
Micah L. Camden, a Member
Date: 7/16/2020
_____

By: _Basil Bullard_
_____
Basil Bullard, a Member
Date: 7/20/2020
_____

By: _____
Gary "Chip" Rothenberger, Jr., a Member
Date: 7/20/2020
_____

W.P. Price Tax and Accounting, LLC, a Member

By: _Will price_
_____
Will Price, Manager
Date: 7/17/2020
_____

**EXHIBIT B**

[PROPOSED ORDER]

106704706.4 0056668-00010

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 20-32485-pcm11 |
| BLUE STAR DOUGHNUTS LLC, DBA BLUE STAR DONUTS, | ORDER GRANTING DEBTOR'S APPLICATION TO EMPLOY STOEL RIVES LLP AS ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSESSION |
| Debtor. | |

THIS MATTER having come before the Court on the above-captioned debtor and debtor-in-possession's ("**Debtor**") *Application to Employ Stoel Rives LLP as Attorneys for Debtor and Debtor-in-Possession* ("**Employment Application**"), at dkt. no. __; the Court having reviewed the Employment Application, the Engagement Letter[1] and the Rule 2014 Verified Statement of

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Employment Application.

107958557.3 0056668-00010

Stoel Rives LLP ("**Applicant**"); and finding that, the connections disclosed in the Rule 2014 Verified Statement of the Applicant do not constitute adverse interests, the Applicant represents no interest adverse to the Debtor or to the estate on the matters upon which the Applicant is to be engaged, the Applicant is disinterested, the Applicant's employment is necessary and in the best interests of the estate, and the time for filing an objection have expired or, for timely filed objections, such objections have been resolved,

IT IS HEREBY ORDERED that

1.      The Motion is granted.

2.      The Debtor is authorized to employ the Applicant as attorneys to represent the Debtor in the matters under, arising in or related to this case in accordance with title 11 of the United States Code ("**Bankruptcy Code**"), subject to the terms and conditions set forth in the Applicant's Engagement Letter.

3.      The terms and conditions of the employment of the Applicant, as set forth in the Engagement Letter attached as Exhibit A to the Motion, are approved.

4.      Compensation shall be allowed and set by the Court to be paid upon Applicant's compliance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code.

# # #

107958557.3 0056668-00010

I certify that I have complied with LBR 9021-1(a).

Presented by:

STOEL RIVES LLP

_____

Oren B. Haker, OSB No. 130162
Kristin E. Russell, OSB No. 200074
Daniel R. Kubitz, OSB No. 181381
oren.haker@stoel.com
kristin.russell@stoel.com
daniel.kubitz@stoel.com
760 S.W. Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone:  503.224.3380
Facsimile:  503.220.2480
Email:     oren.haker@stoel.com
           daniel.kubitz@stoel.com

*Proposed Attorneys for Debtor*
*and Debtor-in-Possession*

cc:     List of Interested Parties

Page 3   -   ORDER GRANTING DEBTOR'S APPLICATION TO EMPLOY STOEL
             RIVES LLP AS ATTORNEYS FOR DEBTOR AND DEBTOR-IN-
             POSSESSION
107958557.3 0056668-00010

Case 20-32485-pcm11    Doc 64    Filed 09/09/20

In re                           )
                                  ) Case No. _____
                                  )
                                  ) RULE 2014 VERIFIED STATEMENT
Debtor(s)                    ) FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1.   The applicant is not a creditor of the debtor except:

2.   The applicant is not an equity security holder of the debtor.

3.   The applicant is not a relative of the individual debtor.

4.   The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5.   The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6.   The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7.   The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8.   The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9.   The applicant is not a person in control of the debtor.

10.  The applicant is not a relative of a director, officer or person in control of the debtor.

11.  The applicant is not the managing agent of the debtor.

12.  The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13.  The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

Case 20-32485-pcm11   Doc 64   Filed 09/09/20

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)).  Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

ATTACHMENT #1 (September 9, 2020)

In connection with its representation of Blue Star Doughnuts LLC, dba Blue Star Donuts, in its capacity as debtor and debtor-in-possession ("**Debtor**") in case no. 20-32485, Stoel Rives LLP ("**Stoel Rives**") researched its client database to determine whether it had any conflicts or other connections subject to disclosure pursuant to the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") 2014(a). A list of the individuals and entities that were run through Stoel Rives' client database ("Potential Parties in Interest") is annex hereto as Schedule 1.

To the extent that such research indicated that Stoel currently represents, as of the date on which the Debtor filed its voluntary petition ("**Petition Date**"), or formerly represented within the past two years (or Stoel Rives' attorneys formerly represented or were employed by) the Potential Parties in Interest (or affiliates of such parties), in matters unrelated to this case, the identities of such parties are set forth in Schedule 2. Stoel Rives does not represent any Potential Parties in Interest in connection with the legal services it intends to provide the Debtor.

Stoel Rives also represents certain of its other clients in matters related to the Debtor, as set forth below. None of these matters relates to the legal services for which the Debtor seeks to engage Stoel Rives.

       a.       Stoel represents Micah Camden and certain of his investments on matters unrelated to the Debtor.

Stoel Rives also represented certain former clients in matters related to the Debtor, as set forth below. None of these matters relates to the legal services for which the Debtor seeks to engage Stoel Rives.

       a.       Stoel represented Katherine J. House aka Katherine J. Poppe with respect to certain contract negotiations on or about April 2018.

As of the Petition Date, Stoel also represents certain of its other clients in matters adverse to the following creditors of the Debtor: Adobe Systems Incorporated; Automatic Data Processing (dba ADP); Aflac, Incorporated; Apple, Inc.; Bank of America; Centurylink; Centurylink of Washington; City Center Parking; Facebook, Inc.; Comcast Cable Communications, LLC (dba Xfinity); Farmers Insurance Group; Google, LLC; Infinisource Holdings Inc.; Jacobsen Salt Co.; Northwest Natural Gas Company; PacifiCorp; Portland General Electric; Square, Inc.; Sysco Foods; TriMet Capital Projects; TriMet Corporate; US Foods, Inc.; and Wells Fargo Bank, N.A.

I am not related, and to the best of my knowledge, no attorney or staff of Stoel Rives is related, to any United States District Judge or United States Bankruptcy Judge in the District of Oregon or the United States Trustee for such district or any attorney in the office thereof. Stoel Rives' connections to the foregoing individuals are set forth below:

a. With respect to the Oregon State Bar Debtor-Creditor Section, I serve as a member of the Executive Committee with the Honorable Trish M. Brown; as a member of the Local Rules/Forms Committee with the Honorable David W. Hercher; as the Executive Committee Liaison on the Northwest Bankruptcy Institute Committee with the Honorable David W. Hercher; and as a member of the Saturday Session Committee with the Honorable Peter C. McKittrick. At the most recent Saturday Session in February 2020, I participated on a panel with the Honorable David W. Hercher and Steven Arnot, Assistant United States Trustee in the District of Oregon, relating to the Small Business Reorganization Act.

b. Jeannie Lihs and Lisa Petras, paralegals at Stoel Rives, formerly worked with the Honorable David W. Hercher at Miller Nash Graham & Dunn LLP, prior to his appointment as a Bankruptcy Court Judge in the District of Oregon.

c. Kennon Scott, associate attorney at Stoel, and the Honorable Peter C. McKittrick sit on the board of the United States District Court of Oregon Historical Society.

d. Katie Moesche, client services manager at Stoel, formerly worked with the Honorable Peter C. McKittrick at Gleaves Swearingen LLP and Farleigh Wada Witt LLP, and with the Honorable Trish M. Brown at Farleigh Wada Witt LLP, prior to their appointment as Bankruptcy Court Judges in the District of Oregon.

e. Kassim Ferris, attorney and partner at Stoel, formerly worked with the Honorable Trish M. Brown at Lane Powell PC, prior to her appointment as Bankruptcy Court Judge in the District of Oregon.

Stoel Rives is a member of the Attorneys' Liability Assurance Society ("**ALAS**"), a mutual insurance company owned by its member insured. Certain of the legal professionals engaged in connection with or by Potential Parties in Interest in this case are or may also be ALAS insureds.

Certain Stoel Rives' attorneys or staff, or the Stoel Rives retirement plan, may own equity and debt securities – directly or through mutual funds, trusts and portfolios – issued by Potential Parties in Interest. In addition, clients of Stoel may own equity and debt securities – directly or through mutual funds, trusts and portfolios – issued by Potential Parties in Interest. To the best of my knowledge, based on an inquiry of attorneys directly providing legal services to the Debtor, none of the attorneys directly hold units of the Debtors.

Attorneys and staff at Stoel Rives or their spouses or relatives may be current or former employees or officers and directors of Potential Parties in Interest and may have beneficial ownership of securities issued by, or banking, insurance, brokerage or money management relationships with Potential Parties in Interest. Attorneys and staff of Stoel Rives may have relatives or spouses who are members of the law firms involved in this case or are employed by Potential Parties in Interest. Other than with respect to relationships that Stoel Rives' attorneys and staff may have with the United States Bankruptcy Court for the District of Oregon, the United States District Court for the District of Oregon, and the Office of the United States Trustee for the District of Oregon, neither I nor Stoel Rives has conducted any investigation of its attorneys' or staff members' employment,

106709524.4 0056668-00010

banking, insurance, brokerage or investment activities or familial connections in preparing this statement.

Stoel does not represent or hold any interest adverse to the Debtor or its estate with respect to the legal services to be provided to the Debtor in this case.

Stoel does not represent any creditor or other parties in interest in any matter adverse to the Debtor with respect to the legal services to be provided to the Debtor in this case.

These disclosures will be supplemented as needed, as further information is provided.

SCHEDULE 1

| Category | Party in Interest |
|----------|-------------------|
| Debtor | Blue Star Doughnuts LLC, dba Blue Star Donuts |
| Debtor Affiliate | Basil Bullard |
| Debtor Affiliate | Gary "Chip" Rothenberger, Jr. |
| Debtor Affiliate | Katherine J. Poppe aka Katherine J. House |
| Debtor Affiliate | Micah L. Camden |
| Debtor Affiliate | W.P. Price Tax and Accounting, LLC |
| Lessor | Division33 LLC |
| Lessor | DS Progress Ridge LLC |
| Lessor | Donahue Schriber Realty Group LLC |
| Lessor | Donahue Schriber Realty Group Inc., general partner of Donahue Schriber Realty Group, L.P. |
| Lessor | Madison 34 Ray LLC |
| Lessor | Morrison Development, LLC |
| Lessor | MVUAA LLC |
| Lessor | Pitman Properties V, LLC |
| Lessor | Riva Portland, LLC |
| Lessor | The Port of Portland |
| Lessor | Yetisen, Ismet |
| Licensee | Dermer Holdings, LLC |
| Manager/Member | Division33 Development LLC |
| Manager/Member | MVUAA Development LLC |
| Manager/Member | Urban Asset Advisors, LLC |
| Creditor | AAA Heating & Cooling, Inc. |
| Creditor | Adobe Creative Cloud |
| Creditor | Aflac, Incorporated |
| Creditor | Alondra Echiverri |
| Creditor | Atlasta Lock Company, Inc. |
| Creditor | Auto Chlor System of Oregon, Inc. |
| Creditor | Automatic Data Processing, Inc. (dba ADP) |
| Creditor | Bank of America |
| Creditor | Belshaw Adamatic Bakery Group |
| Creditor | Bill.com Holdings, Inc., dba bill.com |
| Creditor | Bitterman Salt Co. |
| Creditor | Black Cat Plumbing, Inc. |
| Creditor | Black Rabbit Service LLC |
| Creditor | Brandon Noe Uluan, dba Pacific Northwest Hood Cleaning |
| Creditor | Brannon Ritner Lobdell, Architecture LLC |
| Creditor | Breckenridge Storefronts & Entrances, LLC |
| Creditor | Bulldog Mechanical & Remodeling Inc. |
| Creditor | Cameron Allen Hollingshead, dba Perfect Pour Services |
| Creditor | Cascade Centers Inc. |

| Category | Party in Interest |
|----------|-------------------|
| Creditor | CenturyLink, Inc. |
| Creditor | City Center Parking, Inc. |
| Creditor | City Houses, Inc. |
| Creditor | Cleanline LLC, dba Pro Cleaning Service |
| Creditor | Cloudburst Recycling, Inc. |
| Creditor | Coava Coffee Roasters, Inc. |
| Creditor | Comcast Cable Communications, LLC, dba Xfinity |
| Creditor | Complete Printing, Inc., dba NW Printed Solutions |
| Creditor | Dana Lofstrom |
| Creditor | Dolce Software |
| Creditor | DoorDash, Inc. |
| Creditor | Dynamic HVAC LLC |
| Creditor | eCard Systems, Inc. |
| Creditor | Ecoguard Pest Management Inc. |
| Creditor | Evergreen State Holdings, LLC, aka GuuD |
| Creditor | Face Lift Services, Inc. (window cleaning) |
| Creditor | Facebook, Inc. |
| Creditor | Farmers Insurance Group |
| Creditor | FedEx Office Print & Ship Center |
| Creditor | Ford Motor Credit Co. |
| Creditor | Food Services of America aka FSA Store Inc. |
| Creditor | Gary P. Hansen, dba Lady-Lane Farm (aka Garry's Meadow Fresh) |
| Creditor | General Parts, L.L.C. |
| Creditor | Global Trading LLC |
| Creditor | Google Business Services |
| Creditor | Gron, LLC |
| Creditor | GrubHub Inc. |
| Creditor | GT&P, LLC, dba 10th Avenue Liquor |
| Creditor | H&H Supply LLC, dba Belmont Coffee Service |
| Creditor | Infinisource, Inc. |
| Creditor | Jacobsen Salt Co. |
| Creditor | James Hallsey Ameeti, dba Perfect Pour Services |
| Creditor | JKR, LLC, dba Service Linen Supply |
| Creditor | Jon Cox Painting |
| Creditor | Kaiser Permanente |
| Creditor | Kate Bingaman Burt |
| Creditor | Kymo Enterprises, LLC, dba Sleeve A Message |
| Creditor | Legacy Property Management |
| Creditor | Lucas Klotz |
| Creditor | MBA Administrators |
| Creditor | Mcinnis Waste Systems, Inc., dba Republic Services of Portland |
| Creditor | Miir Flagship, LLC |
| Creditor | Modified Inc. |
| Creditor | Momo Cocoa LLC |

106709524.4 0056668-00010

| Category | Party in Interest |
|----------|-------------------|
| Creditor | My Plumbing Services LLC |
| Creditor | NW Natural Gas Company |
| Creditor | Oregon Screen Impressions, Inc. |
| Creditor | PacifiCorp, dba Pacific Power |
| Creditor | Pension Plan Specialists, PC |
| Creditor | Perkins & Company, PC |
| Creditor | Pitman Restaurant Equipment, Inc. |
| Creditor | Portland Cider Company LLC |
| Creditor | Portland Custom Packaging |
| Creditor | Portland Disposal and Recycling, Inc. |
| Creditor | Portland General Electric Company |
| Creditor | Portland Visitors Map LLC |
| Creditor | Portland Water Bureau, Portland, Oregon |
| Creditor | Professional Benefits Services |
| Creditor | Puratos Corporation |
| Creditor | Quick Pak Inc. |
| Creditor | Quickbooks Online (Intuit Inc. – parent company) |
| Creditor | Restaurant Technologies, Inc. |
| Creditor | R.K.B., Inc. dba Courtesy Ford |
| Creditor | Riad Nasry, dba Alfa Electric |
| Creditor | Robert John Cote, dba Robert J. Cote Construction |
| Creditor | Rsk Service Corporation |
| Creditor | Runamok Maple, LLC |
| Creditor | SAIF Corporation |
| Creditor | Samantha Hage |
| Creditor | Screen Gems, Inc. |
| Creditor | Shane Thomas |
| Creditor | Smith Teamaker, LLC |
| Creditor | SoundTrack My Brand, aka Soundtrack Your Brand Sweden AB |
| Creditor | Square, Inc. |
| Creditor | Sysco Portland, Inc. |
| Creditor | Terra Hydr, Inc. |
| Creditor | The Chefs Warehouse West Coast, LLC |
| Creditor | The Gillihan Group, Inc., dba Black Rabbit |
| Creditor | Travel Portland |
| Creditor | TriMet (fka Tri-County Metropolitan Transportation District of Oregon) |
| Creditor | Tyler Hickman |
| Creditor | Uline Inc. |
| Creditor | Universal Fire Equipment, Inc. |
| Creditor | Uprinting.com |
| Creditor | US Foods, Inc. |
| Creditor | WebstaurantStore Food Service Equipment and Supply Company |
| Creditor | Wilderness, LLC |

106709524.4 0056668-00010

| Category | Party in Interest |
|---|---|
| Creditor | Wells Fargo Bank, N.A. |
| Creditor | Zions Bancorporation, dba Commerce Bank of Oregon |
| Connection | Bae's Hot Chicken LLC |
| Connection | Boxer Ramen LLC |
| Connection | Heart Pizza, LLC |
| Connection | Little Bean |
| Connection | SuperDeluxe |
| Connection | That Good Good LLC |
| Connection | Ya Ya LLC |
| Potential Investor | Anthony Paul Brenneke |
| Potential Investor | William 'Butch' Bannon |
| Potential Investor | Stuart Zlotolow |
| Potential Investor | Phillip Niarchos |
| Potential Investor | Sortis, LLC |
| Potential Investor | Spyros Niarchos |
| Potential Investor | Stavros Niarchos Foundation |
| Potential Investor | Nicholas Rugoff |

SCHEDULE 2

| Category | Creditor[1] |
|----------|-------------|
| Current Client | Adobe Systems Incorporated |
| Current Client | Apple, Inc. |
| Current Client | Bae's Hot Chicken LLC |
| Current Client | Boxer Ramen LLC |
| Current Client | Centurylink |
| Current Client | Centurylink of Washington |
| Current Client | DoorDash, Inc. |
| Current Client | Facebook, Inc. |
| Current Client | Farmers Insurance Group |
| Current Client | Google LLC |
| Current Client | Heart Pizza, LLC |
| Current Client | Infinisource Holdings Inc. |
| Current Client | Jacobsen Salt Co. |
| Current Client | Kaiser Foundation Health Plan |
| Current Client | Kaiser Foundation Hospitals |
| Current Client | Little Bean |
| Current Client | Northwest Natural Gas Company |
| Current Client | PacifiCorp |
| Current Client | Port of Portland |
| Current Client | Portland General Electric |
| Current Client | R.K.B., Inc. dba Courtesy Ford |
| Current Client | Square, Inc. |
| Current Client | SuperDeluxe |
| Current Client | Sysco Foods |
| Current Client | TriMet Capital Projects |
| Current Client | TriMet Corporate |
| Current Client | Ya Ya LLC |
| Former Client | Camden's Catsup LLC |
| Former Client | Katie Poppe aka Katherine J. Poppe |
| Former Client | Urban Asset Advisors, LLC |
| Former Client | US Foods, Inc. |
| Former Client | Zions Bancorporation, N.A., dba Commerce Bank of Oregon |

---

[1] Inclusion of an entity or individual on Schedule 2 is for purposes of disclosing connections as required by Federal Rule of Bankruptcy Procedure 2014. It should not be viewed as a statement that Stoel Rives has a current attorney/client relationship with any person or entity listed on this schedule.

Attachment #1
Page 8